**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-20017 |
| FIDENCIO VERDIN-GARCIA, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Fidencio Verdin-Garcia has filed a motion asking this court to compel his former attorney Theodore J. Lickteig to "promptly release" his case file (Doc. 286). Mr. Verdin- Garcia attached to the motion a letter he wrote Mr. Lickteig, requesting his entire case file, including:

> Grand Jury Transcripts, Transcripts of 'all' hearings in my presence and in my absence, Discovery, All exhibits, Evidence Physical or Non Physical, Memorandum, E-mails, Everything directly or remotely related to my case, back up software to maintain my case files, records, etc. . . . a copy of the PACER docket to my case, and agreements by CI's and the government–Giglio and any potential Brady material.

(Doc. 286, Ex. A.)

Mr. Lickteig was appointed by this court to represent Mr. Verdin-Garcia (Doc. 48), and that relationship continued until October 2008, when the United States Supreme

Court denied Mr. Verdin-Garcia's petition for a writ of certiorari. Upon order of this court, Mr. Lickteig filed a response to Mr. Verdin-Garcia's request. (Doc. 288).

Kansas Rules of Professional Conduct require that an attorney "surrender[] papers and property to which the client is entitled" upon termination of the attorney-client relationship. Kan. R. Prof. Conduct 1.16(d). Mr. Lickteig attached to his response letters he sent to Mr. Verdin-Garcia throughout his representation providing various documents including: transcripts of his court proceedings, including pre-trial hearings, the trial, and sentencing hearings; the opening brief and reply brief filed before the Tenth Circuit; the Tenth Circuit's opinion; a petition for rehearing filed in the Tenth Circuit; and the notice from the Supreme Court that cert was denied. Mr. Lickteig also noted that he returned via certified mail Mr. Verdin-Garcia's property, including birth certificates, a voter card, and a transcript. As to these items, Mr. Lickteig has fulfilled his responsibility.

Beyond those items, however, it is incumbent upon Mr. Lickteig to transfer to Mr. Verdin-Garcia any documents in his possession related to Mr. Verdin-Garcia's case, with some notable exceptions outlined below. Thus, Mr. Verdin-Garcia is entitled to exhibits that were introduced at trial, including the translations of wiretap recordings used as demonstrative aids. Consistent with the "Order Authorizing the Disclosure of Intercepted Wire Communication," Mr. Verdin-Garcia would also be entitled to the translations of conversations to which is a party. Additionally, Mr. Verdin-Garcia would be entitled to any documents filed in his case to the extent that Mr. Lickteig has paper

2

copies of those documents in his files.  Mr. Lickteig has no duty, however, to obtain copies of documents from the court's files to provide to Mr. Verdin-Garcia.

Mr. Verdin-Garcia requested copies of all discovery, CI information, Brady and Giglio materials, and memoranda and emails about his case.  Mr. Lickteig has represented to the court that those items were shared with him or loaned to him by the Government as part of an express agreement that they would not be turned over to Mr. Verdin-Garcia.  Acting as Mr. Verdin-Garcia's agent in negotiations with the Government, Mr. Lickteig agreed to those terms, and the court will uphold those agreements.  These documents will not be furnished to Mr. Verdin-Garcia.

Mr. Verdin-Garcia requested transcripts from the grand jury proceedings, but according to Mr. Lickteig, he does not have any.  Additionally, Mr. Lickteig does not need to provide "back up software" to Mr. Verdin-Garcia; he need only surrender the papers concerning Mr. Verdin-Garcia's case.

Mr. Lickteig has requested that the court require Mr. Verdin-Garcia to prepay for photocopies of any documents.  Mr. Verdin-Garcia, however, is entitled to the documents in Mr. Lickteig's possession, as noted above.  Should Mr. Lickteig wish to make photocopies for his own records, he may do so at his own expense.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Verdin-Garcia's motion for relief (doc. 286) is granted as described above.  The documents shall be

delivered to the Clerk of the United States District Court in Kansas City, no later than May 7, 2009, for prompt mailing by the Clerk to Mr. Verdin-Garcia.

    **IT IS SO ORDERED** this 27th day of April, 2009.

                                        s/ John W. Lungstrum  
                                        John W. Lungstrum  
                                        United States District Judge