IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIDENCIO VERDIN-GARCIA ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No. 05-20017-01 JWL |

## **MEMORANDUM AND ORDER**

In March of 2006, a jury found Fidencio Verdin-Garcia guilty of committing various drug trafficking offenses. The Court sentenced Mr. Verdin-Garcia to a lifetime term of imprisonment, and the Tenth Circuit affirmed his conviction and sentence on February 29, 2008. Mr. Verdin-Garcia petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 15, 2008. Consequently, on September 18th, 2009, Fidencio Verdin-Garcia filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This matter is presently before the Court on Mr. Verdin-Garcia's motion to file an amended § 2255 petition pursuant to Fed.R.Civ.P. 15(a) and (d). For the reasons set forth below, the Court grants Mr. Verdin-Garcia's motion but notes that that it will consider only those amendments which do not attempt to assert new claims or theories of relief.

Mr. Verdin-Garcia seeks to amend his petition under Fed. R. Civ. P. 15, claiming that he should be permitted to "supplement" his § 2255 petition with "supporting case law and legal authorities" and because "new issues of constitutional magnitude have recently developed," based upon evolving Supreme Court precedent.[1]  This Court generally "should freely grant leave to amend when justice so requires." *United States v. Ohiri*, 133 Fed. App'x 555, 559 (10th Cir. 2005) (quoting *Gilette v. Tansy*, 17 F.3d 308 (10th Cir. 1994)).

Fed. Rule Civ. P. 15 will govern Mr. Verdin-Garcia's motion to amend so long as the motion was filed within the one-year limitations period that is applicable to the filing of § 2255 petitions. *Id*. *See also* 28 U.S.C. § 2255(f) (setting forth the limitations period).  The one-year limitations period begins to run from the latest of various occurrences set forth in § 2255(f), including the date upon which the judgment of conviction becomes final.  As Mr. Verdin-Garcia directly appealed his conviction, the judgment of conviction became final on October 15, 2008, the date on which the United States Supreme Court denied his petition for a writ of certiorari. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (noting that a final judgment is one in which "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied").  The one-year limitations period therefore ended on October 15, 2009.  Mr. Verdin-Garcia timely filed his original § 2255 petition, as it was filed on September 18, 2009.  However, his motion

---

[1] Mr. Verdin-Garcia does not point to the occurrence of a particular event after filing the original § 2255 petition which would warrant supplementing the petition.

to amend the original petition was not filed until December 15, 2009, the date on which Mr. Verdin-Garcia gave the motion and amended petition to prison officials for mailing. *See Burger v. Scott*, 317 F.3d 1133, 1136 n. 3 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)) (stating that a § 2255 petition is deemed filed on the date it is delivered to prison officials for mailing). Therefore, the motion to amend was not filed within the one year-limitations period.

An untimely amendment to a § 2255 petition "which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion" may, in the district court's discretion, relate back to the date of the original motion, but only if (1) the original § 2255 petition was timely filed and (2) the proposed amendment "does not seek to add a new claim or to insert a new theory into the case." *Ohiri*, 133 Fed. App'x at 559 (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)). The Tenth Circuit has explained that this restriction upon amendment of a § 2255 petition is to prevent a defendant challenging his conviction from undermining the one-year limitations period chosen by Congress by alleging new claims of error after the expiration of the limitations period. *Espinoza-Saenz*, 235 F.3d at 505. As Mr. Verdin-Garcia did not timely file the motion to amend or supplement the petition, the Court will consider the amended petition only to the extent that it clarifies Mr. Verdin-Garcia's prior claims, and will not consider any claims that the Court deems to be "separate and distinct" from those raised in the original § 2255 petition. *See id*. Moreover, the government will be given until January

28, 2009 to file any response that it may have to Mr. Verdin-Garcia's amended petition. Mr. Verdin-Garcia will then have until February 28, 2009 to file a reply.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Verdin-Garcia's motion to supplement or amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (doc. # 313) is **granted**, that the government will file any response it may have to Mr. Verdin-Garcia's amended petition by January 28, 2010, and that Mr. Verdin-Garcia will file any subsequent reply by February 28, 2010.

**IT IS SO ORDERED** this 29th day of December, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge