# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                                   Case No. 05-20017-01-JWL

**Fidencio Verdin-Garcia,**

    **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Fidencio Verdin-Garcia of multiple drug crimes, including conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and marijuana and distribution of methamphetamine. At the time of Mr. Verdin-Garcia's sentencing, the Guidelines as applied to Mr. Verdin-Garcia provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment.[1] The court ultimately sentenced Mr. Verdic-Garcia to three terms of life imprisonment and eleven terms of four years' imprisonment to run concurrently. Mr. Verdin-Garcia appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

This matter is now before the court on Mr. Verdin-Garcia's motion for leave to file a second or successive § 2255 petition in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)

---

[1] In light of Amendment 782, Mr. Verdin-Garcia's base offense level for the same drug quantities is 36 and his adjusted offense level is 42. With a criminal history category of I, his applicable guideline range is now 360 months to life imprisonment. The court has previously denied Mr. Verdin-Garcia's motion to reduce his sentence to 360 months.

and for the appointment of counsel to assist him with that petition. To the extent Mr. Verdin-Garcia seeks the appointment of counsel, the motion is denied as there is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs*., 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). To the extent Mr. Verdin-Garcia seeks leave to file a successive § 2255 petition, the motion is dismissed for lack of jurisdiction.

The district court is not authorized to grant leave to file a successive § 2255 petition—only the appropriate court of appeals may authorize the filing of a successive petition. *See* 28 U.S.C. § 2255, para. 8. While the court could transfer Mr. Verdin-Garcia's motion to the Tenth Circuit for authorization, it declines to do so because Mr. Verdin-Garcia has asserted no viable claim under *Johnson*. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (when a second or successive § 2255 petition is filed, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion for lack of jurisdiction"); *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (factors relevant to decision whether to transfer or dismiss include whether the claims are likely to have merit). More specifically, the *Johnson* decision does not apply to Mr. Verdin-Garcia's sentence in any respect.

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), dictates a minimum fifteen-year sentence if the offender violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." *Id*. § 924(e). Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized language is commonly referred to as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing Johnson, 135 S. Ct. at 2556). In *Johnson*, the Supreme Court held that enhancing a sentence under the residual clause violates a defendant's right to due process because that portion of the ACCA is unconstitutionally vague. *Id.* (citing *Johnson*, 135 S. Ct. at 2557, 2563). The Tenth Circuit has applied *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness in light of *Johnson*). Similar residual clauses are found in other Guidelines, including clauses found in the criminal history guidelines (§§ 4A.1.1(e) & 4A1.2(p)); the firearms guideline (§ 2K2.1 & cmt. n.1); the explosive materials guideline (§ 2K1.3 & cmt. n.2); the money laundering guideline (§ 2S1.1 & cmt. n.1); the departure guideline for semi-automatic firearms (§ 5K2.17 & cmt. n.1); and the probation and supervised release guideline (§ 7B1.1(a)(1) & cmt. n.2).

A review of Mr. Verdin-Garcia's PSR reveals that he was not deemed an armed career criminal under the ACCA and none of the Guidelines utilized in calculating Mr. Verdin-Garcia's

3

sentence are implicated by the Supreme Court's decision in *Johnson*. Mr. Verdin-Garcia contends that the firearm enhancement he received under § 2D1.1(b)(1) is "identically worded as the ACCA's residual clause" but that is clearly not the case. The holding in *Johnson*, then, is inapplicable to Mr. Verdin-Garcia's situation and the interests of justice do not require that the court transfer Mr. Verdin-Garcia's motion to the Tenth Circuit for authorization. *See Heard v. United States*, 2016 WL 3219718, at *2 (M.D. Fla. June 10, 2016) (*Johnson* has no application to guideline enhancement under § 2D1.1(b)(1); *Carrasco v. United States*, 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016) (same)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Verdin-Garcia's motion for leave to file a successive § 2255 petition and for the appointment of counsel (doc. 410) is dismissed in part and denied in part.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4