# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff,

v.                                                Case No. 05-20017-01-JWL

Fidencio Verdin-Garcia,

    Defendant.

## MEMORANDUM & ORDER

A jury convicted defendant Fidencio Verdin-Garcia of multiple drug crimes, including conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and marijuana and distribution of methamphetamine. At the time of Mr. Verdin-Garcia's sentencing, the Guidelines as applied to Mr. Verdin-Garcia provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Verdic-Garcia to three terms of life imprisonment and eleven terms of four years' imprisonment to run concurrently. Mr. Verdin-Garcia appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008). In July 2015, this court denied Mr. Verdin-Garcia's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)—a motion that was based on Amendment 782. The court recognized that a reduction was authorized but denied the motion in any event based on its conclusion that the court would sentence Mr. Verdin-Garcia at the high-end of the amended range, resulting in a life sentence. The Tenth Circuit affirmed that decision in July 2016.

This matter is presently before the court on Mr. Verdin-Garcia's self-styled "subsequent" motion for a sentence reduction pursuant to Amendment 782 and Amendment 788 (which made Amendment 782 retroactive). Mr. Verdin-Garcia asserts that he does not seek to "relitigate" issues addressed by the court in connection with his previous motion for a sentence reduction, but only to set forth material facts that would permit the court to reassess Mr. Verdin-Garcia's life sentence in light of the § 3553(a) factors. The motion is dismissed for lack of jurisdiction.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 564 U.S. 522 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The court, in its prior memorandum and order, has already addressed that particular provision and denied a reduction. That ruling has been affirmed by the Circuit and cannot be revisited by this court now. *See United States v. Rodriguez*, 768 F.3d 1270, 1272 (10th Cir. 2014) (law of the case doctrine precludes relitigating issues already decided on appeal). Moreover, to the extent Mr. Verdin-Garcia wants the court to revisit its sentencing decision in light of the § 3553(a) factors, the court simply is not authorized to do so. *See United States v. Mata-Rodriguez*, 632 Fed.

2

Appx. 488, 491 (10th Cir. Dec. 7, 2015) (§ 3582(c)(2) proceedings do not authorize court to broadly revisit and consider anew the propriety of a sentence).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Verdin-Garcia's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 429) is dismissed.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge