# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                    Case No. 05-20017-01-JWL

**Fidencio Verdin-Garcia,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Fidencio Verdin-Garcia of multiple drug crimes, including conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and marijuana and distribution of methamphetamine. At the time of Mr. Verdin-Garcia's sentencing, the Guidelines as applied to Mr. Verdin-Garcia provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced Mr. Verdic-Garcia to three terms of life imprisonment and eleven terms of four years' imprisonment to run concurrently. Mr. Verdin-Garcia appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

In April 2010, the court denied Mr. Verdin-Garcia's motion to vacate his sentence under 28 U.S.C. § 2255. He recently filed a Rule 60(b)(6) motion to set aside the court's order denying that motion and the court has set a briefing schedule for that motion. He has also filed a motion to recuse (doc. 453) this court from resolving the motion to set aside. In his motion to

recuse, Mr. Verdin-Garcia, without elaboration, asks this court to recuse from the case based on "the appearance of impropriety." The motion is denied.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006). A judge must also recuse himself if "he has a personal bias or prejudice concerning a party." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002). A trial judge must recuse himself "where there is an appearance of bias, regardless of whether there is actual bias." *Id*. "Disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Mendoza*, 468 F.3d at 1262. A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce*, 289 F.3d at 659. The recusal statute "should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id*. at 659–60.

Mr. Verdin-Garcia has not substantiated his allegation of impropriety and no reasonable person would question this court's impartiality in its handling of Mr. Verdin-Garcia's case. The record simply does not support recusal in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Verdin-Garcia's motion for recusal (doc. 453) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge