IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

**v.**              Case No. 05-20017-01-JWL

**Fidencio Verdin-Garcia,**

  **Defendant.**

## MEMORANDUM & ORDER

In February 2005, defendant Fidencio Verdin-Garcia and five codefendants were indicted for their roles in a large marijuana and methamphetamine trafficking ring based in and around Kansas City, Kansas. The indictment included multiple charges of conspiracy, possession and distribution of methamphetamine, and use of a communications facility to facilitate the commission of a drug felony. Counsel was appointed to represent defendant.

The case proceeded to trial, and, at the conclusion of the evidence, the jury found defendant guilty on fourteen counts. At the time of defendant's sentencing, the Guidelines as applied to defendant provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced defendant to three terms of life imprisonment and eleven terms of four years' imprisonment to run concurrently. He appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

In September 2009, defendant filed a pro se § 2255 motion to vacate, set aside or correct sentence. He alleged, in pertinent part, numerous instances of ineffective assistance on the part of

his appointed trial counsel. In April 2010, this court issued a "thorough twenty-seven page memorandum and order" denying defendant's motion and his request for a certificate of appealability. *United States v. Verdin-Garcia*, 397 Fed Appx. 503, 505 (10th Cir. 2010). The Circuit then denied defendant's subsequent request for a certificate of appealability. *Id*. at 505-06.

This matter is now before the court on defendant's motion to set aside the court's § 2255 judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (doc. 452). In his motion, defendant asserts that he was denied the assistance of counsel in connection with preparing his § 2255 motion and was forced to prepare that motion on his own without access to legal materials in Spanish, his native language. The motion is denied.

When faced with a Rule 60(b) motion in the context of habeas corpus proceedings, the court's first task is to determine whether the motion is a "true" Rule 60(b) motion, a second or subsequent motion for relief under 28 U.S.C. § 2255, or a hybrid of the two. *See Spitznas v. Boone*, 464 F.3d 1213, 1216–17 (10th Cir. 2006). A motion is a "true" Rule 60 motion if it challenges only (a) a procedural ruling that precluded a determination of a habeas petition on the merits, or (b) the integrity of the proceedings used to adjudicate the petition. *Id*. at 1215–16. By contrast, a motion labeled a Rule 60(b) motion is actually a second or subsequent § 2255 petition if it reasserts a substantive basis for relief from the underlying sentencing and/or conviction. *See id*. at 1215. Applying this standard, the court construes defendant's motion as a true Rule 60(b)

motion, as he asserts a defect in the integrity of the habeas proceedings—the court's refusal to appoint him counsel and his lack of access to legal materials in his native language.[1]

Based on the language of Rule 60(b), a motion filed under Rule 60(b)(6) must be filed within a "reasonable time."[2]  *See United States v. Jackson*, 743 Fed. Appx. 908, 909 (10th Cir. 2018).  A party who delays in filing a Rule 60(b) motion after discovering the grounds for the motion must present "sufficient justification for the delay."  *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005). In *Sorbo*, the petitioner had waited almost one year to the day after a grant of summary judgment before filing a motion under Rule 60(b).  *Id*. at 1177.  The court held that the trial court was within its discretion to deny petitioner's motion as not filed within a "reasonable time" because the motion was based on information available to the defendant at the time summary judgment was granted. *Id*.  And in the habeas context, the Circuit has consistently rejected Rule 60(b) motions filed years after the denial of a § 2255 motion.  *See Jackson*, 743 Fed. Appx. at 909 (denying certificate of appealability where defendant filed Rule 60(b) motion more than two years after denial of § 2255 motion); *United States v. McIntyre*, 735 Fed. Appx. 541, 542 (10th Cir. 2018) ("A Rule 60(b) motion filed four years after the denial of habeas relief, without any intervening special circumstances, is not filed within a reasonable time."); *United States v. Watson*, 613 Fed. Appx. 771, 773 (10th Cir. 2015) (five-year delay

---

[1] In his submissions, defendant asserts that the court simply "ignored" his request for counsel without ruling on it.  In fact, the court considered and denied the request in its memorandum and order denying the § 2255 petition.

[2] To the extent that defendant suggests that his motion is also asserted under Rule 60(b)(4), the same time limit applies. *See United States v. Jackson*, 743 Fed. Appx. 908, 909 (10th Cir. 2018).

between denial of § 2255 relief and filing of Rule 60(b) motion was unreasonable); *United States v. Stover*, 532 Fed. Appx. 807, 807 & n.1 (10th Cir. 2013) (same).

In this case, defendant filed his Rule 60(b) motion more than ten years after this court denied his § 2255 motion. Defendant's motion does not allege any facts or set forth any grounds for relief that would not have been known to him at the time of his § 2255 adjudication, yet defendant offers no justification for waiting ten years to file the Rule 60(b) motion. For these reasons, the court concludes that the motion has not been filed within a "reasonable time" and denies the motion accordingly. Finally, because the court's decision that the motion is untimely is not reasonably subject to debate, the court denies defendant a certificate of appealability. *United States v. Jackson*, 743 Fed. Appx 908, 909 (10th Cir. 2018).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to set aside the court's § 2255 judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (doc. 452) is **denied and the court denies a certificate of appealability.**

**IT IS SO ORDERED.**

Dated this 17th day of February, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge