## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                           **Case No. 05-20017-01-JWL**

**Fidencio Verdin-Garcia,**

      **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

In February 2005, defendant Fidencio Verdin-Garcia and five codefendants were indicted for their roles in a large marijuana and methamphetamine trafficking ring based in and around Kansas City, Kansas. The indictment included multiple charges of conspiracy, possession and distribution of methamphetamine, and use of a communications facility to facilitate the commission of a drug felony. The case proceeded to trial and, at the conclusion of the evidence, the jury found defendant guilty on fourteen counts. At the time of defendant's sentencing, the Guidelines as applied to defendant provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced defendant to three terms of life imprisonment and eleven terms of four years' imprisonment to run concurrently. He appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

In September 2009, defendant filed a pro se § 2255 motion to vacate, set aside or correct sentence. In April 2010, this court denied the motion and his request for a certificate of

appealability.  *United States v. Verdin-Garcia*, 397 Fed Appx. 503, 505 (10th Cir. 2010). The Circuit then denied defendant's subsequent request for a certificate of appealability.  *Id*. at 505-06.  More than ten years later, defendant filed a motion to set aside the court's § 2255 judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) on the grounds that he was denied the assistance of counsel in connection with preparing his § 2255 motion and was forced to prepare that motion on his own without access to legal materials in Spanish, his native language.  In February 2021, the court denied the motion because it was not filed within a reasonable time and denied a certificate of appealability.

This matter is now before the court on defendant's motion to reconsider the court's February 17, 2021 order denying the Rule 60(b) motion or, in the alternative, notice of appeal.  As will be explained, the motion is denied.[1]

As a threshold matter, the government urges that defendant's motion to reconsider must be construed as a motion under Rule 60(b) rather than Rule 59(e) because it was filed more than 10 days after the court's February 17, 2021 memorandum and order.  According to the government, the difference is significant because the filing of a motion to reconsider under Rule 60(b) motion does not toll the time for filing an appeal with respect to the underlying order—in other words, defendant cannot seek appellate review of the underlying judgment upon the denial of a motion for reconsideration under Rule 60(b); he can only seek appellate review of the order denying reconsideration.  The cases cited by the government in support of its argument were decided when

---

[1] The Circuit has issued an order abating the appeal proceedings in this case pending this court's resolution of the motion to reconsider and has indicated that defendant's Notice of Appeal will become effective once this court's order resolving the motion to reconsider is entered.

Rule 59(e) still required that motions be filed within ten days.  The rule was amended in December 2009 and parties now have 28 days from the date of judgment in which to file a motion to alter or amend under Rule 59(e).  *See* Fed. R. Civ. P. 59(e) (providing that a motion to alter or amend judgment under Rule 59 must be filed no later than twenty-eight days after the entry of judgment). Defendant filed his motion within 28 days of the court's February 17, 2021 order and his motion is properly construed under Rule 59(e).  *See* Fed. R. App. P. 4(a)(4)(A) (providing that a timely Rule 59 motion, or a Rule 60 motion filed within twenty-eight days of the judgment, tolls the time to appeal).  The court is surprised that counsel for the government is not familiar with amendments to the Federal Rules of Civil Procedure that occurred more than 10 years ago.  Counsel is strongly advised to review the current version of the Federal Rules of Civil Procedure before filing additional motions or responses in civil cases pending before this court.

Grounds for granting a motion to reconsider pursuant to Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Carbajal v. Lucio*, 832 Fed. Appx. 557, 569 (10th Cir. 2020) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Defendant has not directed the court to any change in the law or any newly discovered evidence and he has failed to show clear error in the court's ruling.  He asserts only that he had no way of knowing that time limitations were placed on the filing of a motion to set aside a § 2255 judgment.  This challenge does not rise to the level of manifest injustice necessary to alter or amend the judgment pursuant to Rule 59(e).  Moreover, because the court's conclusion that defendant has not shown manifest injustice is not reasonably subject to debate, the court denies a

certificate of appealability.  *See United States v. Jackson*, 743 Fed. Appx 908, 909 (10th Cir. 2018).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 464) is denied and the court denies a certificate of appealability.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court, within five (5) days of the date of this order, shall transmit to the Tenth Circuit Court of Appeals a supplemental preliminary appellate record including a  copy of this order and an updated docket sheet.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge