**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 7, 2021**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FIDENCIO VERDIN-GARCIA,

Defendant - Appellant.

No. 21-3047
(D.C. No. 2:09-CV-02492-JWL)
(D. Kan.)

_____

**ORDER**

_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

This case grew out of an effort to reopen an old collateral challenge

to a federal conviction. The federal district court rejected the collateral

challenge in 2010. Over ten years later, the defendant (Mr. Fidencio

Verdin-Garcia) moved to reopen the proceedings under Fed. R. Civ. P.

60(b)(6). The district court denied the motion as untimely.

To appeal that ruling, Mr. Verdin-Garcia needs a certificate of

appealability. *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). We

can grant the certificate only if an appellate argument is reasonably

debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007).

If we were to entertain an appeal, we would review the district court's

ruling only for an abuse of discretion. *Jackson v. Los Lunas Cmty. Prog.*,

880 F.3d 1176, 1191 (10th Cir. 2018). In our view, no reasonable jurist would find an abuse of discretion. So we deny the request for a certificate.

In denying the motion to reopen as untimely, the district court pointed out that Mr. Verdin-Garcia had needed to file his motion within a "reasonable time" after the denial of his collateral challenge. Fed. R. Civ. P. 60(b)(6). So the district court needed to decide whether the delay of over ten years had been reasonable.

Mr. Verdin-Garcia points out that he does not speak English, the prison's legal materials were available only in English, and he couldn't obtain appointment of counsel. But our issue isn't whether some delay was reasonable; the issue is instead whether the district court erred by viewing a delay of over ten years as *un*reasonable.

Mr. Verdin-Garcia's factual allegations do little to explain the delay of over ten years. He knew in 2010, when he received the ruling, that he didn't speak English, had no legal materials that he could read, and lacked an attorney. Perhaps he needed someone to translate the order denying his motion to vacate the sentence. But even if he needed a translator, any reasonable jurist would conclude that the district court acted within its discretion in concluding that the delay of over ten years was unreasonable.

Mr. Verdin-Garcia thus lacks a reasonably debatable argument for reversal,

and we deny his request for a certificate of appealability.[1]

Matter dismissed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]     Mr. Verdin-Garcia also seeks leave to proceed *in forma pauperis*.
Because Mr. Verdin-Garcia cannot afford to prepay the $505 filing fee, we
grant leave to proceed *in forma pauperis*.