IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                   Case No. 05-20017-01-JWL

**Fidencio Verdin-Garcia,**

      **Defendant.**

### MEMORANDUM AND ORDER

A jury convicted defendant Fidencio Verdin-Garcia of multiple drug crimes, including conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and marijuana and distribution of methamphetamine. At the time of defendant's sentencing, the Guidelines as applied to him provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced defendant to three terms of life imprisonment and eleven terms of four years' imprisonment to run concurrently. Defendant appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

In July 2015, this court denied defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)—a motion that was based on Amendment 782. The court recognized that a reduction was authorized but denied the motion in any event based on its conclusion that the court would sentence defendant at the high-end of the amended range, resulting in a life sentence. The Tenth Circuit affirmed that decision in July 2016.

In March 2021, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In support of that motion, defendant highlighted concerns about his mental health, the COVID-19 pandemic, and the conditions of his confinement during the pandemic. In May 2021, the court denied the motion, finding that defendant had not shown extraordinary and compelling reasons sufficient for a reduction and, in any event, a reduction would materially depart from an appropriate § 3553(a) sentence. This matter is now before the court on defendant's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 508). The motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.

In his motion, defendant seeks a sentence reduction based solely on his assertion that if sentenced today, he would receive a shorter sentence. In response, the government first asserts that the motion must be construed as an untimely motion to reconsider the court's order denying defendant's first § 3582(c)(1)(A) motion. The court rejects this argument. While defendant asserted in connection with his first motion that he would likely receive a lesser sentence if sentenced at the time of his motion, that argument was made only in connection with the § 3553(a)

2

factors.  He did not argue that the length or severity of his sentence constituted an extraordinary and compelling basis for a reduced sentence.  The court, then, does not construe this motion as a motion for reconsideration.

The government, however, contends that the court cannot reach the merits of defendant's motion in any event because he has not shown that he has exhausted his administrative remedies with respect to his claim that his sentence is unduly harsh or that he would receive a lesser sentence today.  According to the government, information that it has received from the BOP demonstrates that defendant has not exhausted his administrative remedies with respect to this claim.  Defendant has not submitted any evidence that he has administratively exhausted his remedies as to this claim.  The motion, then, must be denied.  *United States v. Hemmelgarn*, 15 F.4th 1027 (10th Cir. 2021) (exhaustion is not jurisdictional but is a mandatory claims-processing rule); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 508) is **denied without prejudice to refiling** once he has exhausted administrative remedies.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2023, at Kansas City, Kansas.

3

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
