IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                      Case No. 05-20017-01-JWL

Fidencio Verdin-Garcia,

        Defendant.

### MEMORANDUM & ORDER

    A jury convicted defendant Fidencio Verdin-Garcia of multiple drug crimes, including conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and marijuana and distribution of methamphetamine. At the time of defendant's sentencing, the Guidelines as applied to him provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced defendant to three terms of life imprisonment and eleven terms of four years imprisonment to run concurrently. Defendant appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

    In July 2015, this court denied defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)—a motion that was based on Amendment 782. Following the enactment of Amendment 782, defendant's Guidelines range was reduced from life to 360 months to life imprisonment. The court recognized that a reduction was authorized but denied the motion in any event based on its conclusion that the court would sentence defendant at the high-end of the

amended range, resulting in a life sentence. The Tenth Circuit affirmed that decision in July 2016. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

This matter is now before the court on defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 535). In that motion, defendant also requests the appointment of counsel. As will be explained, the court denies the motion.

The court begins with defendant's motion to the extent he seeks appointed counsel and denies that aspect of the motion. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant's pro se motion reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion for a sentence reduction are straightforward. The court is confident that the appointment of counsel would have no bearing on the outcome of the motion. The motion is denied.

The court turns, then, to that portion of defendant's motion in which he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*.

at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*.[1]

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6). Here, defendant requests relief under the provision

---

[1] The government concedes that defendant has exhausted his administrative remedies.

concerning an unusually long sentence where there has been a change in law, in conjunction with his rehabilitation while in custody. U.S.S.G. § 1B1.13(b)(6).

Defendant identifies one change in the law—Amendment 782—that he contends would result in a lower sentence for him today. As noted earlier, defendant previously filed a motion for a sentence reduction based on Amendment 782 and the court denied that motion in July 2015. While the court recognized that Amendment 782 resulted in a lower Guideline range, the court declined to reduce defendant's sentence in light of the § 3553(a) factors. As the court explained at that time, when calculating an appropriate sentence for defendant in September 2006, the court noted that the evidence was "absolutely overwhelming" that the quantities attributable to defendant "far exceed[ed]" the amount necessary to arrive at a base offense level of 38. In fact, the court determined with ease that the drug quantity attributable to defendant was 89,809.58 kilograms of marijuana equivalent—far beyond the 30,000 kilograms of marijuana equivalent necessary to reach a base offense level of 38 at that time. The court also noted that this case involved "the most significant quantities of drugs" that the court had seen in any prosecution.

Other facts supported the court's conclusion that a life sentence remained appropriate despite authorization for a reduction. In addition to the sheer volume of drugs involved in this case, the court noted during sentencing that defendant's crimes involved weapons and the utilization of young people as recruited associates; that defendant showed no respect for the law at any stage; that defendant demonstrated a complete lack of remorse for his crimes; he engaged in a leadership role in the crimes; and he demonstrated a willingness to engage in criminal conduct as long as he had the opportunity to do so. The Tenth Circuit affirmed this court's decision to

deny a sentence reduction to defendant. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016).

Nothing in defendant's submission to the court at this juncture casts any doubt in the court's mind that a life sentence remains appropriate. Moreover, because the court has already determined that a reduction under Amendment 782 is not warranted, there is clearly no "gross disparity" between the sentence defendant received and the sentence he would likely receive today. The sentence he would likely receive today is the same as the one he received in September 2006.

This leaves only defendant's argument that his rehabilitation while incarcerated warrants his early release. But rehabilitation alone is not an extraordinary and compelling reason for relief. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction under § 3583(c)(1)(A)]."); *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). The court, then, rejects defendant's arguments that extraordinary and compelling reasons justify his release from custody. Defendant's motion for a sentence reduction is denied.

Because defendant has failed to establish extraordinary and compelling reasons to support a sentence reduction, the court declines to address the § 3553(a) factors or defendant's argument that he is no longer a danger to the community under § 1B1.13(a)(2). *United States v. Guzman-Aviles*, 2025 WL 615386, at *2 (10th Cir. Feb. 26, 2025) ("[H]aving found that Guzman-Aviles failed to establish extraordinary and compelling reasons for a sentence reduction, the district court was free to deny compassionate release without addressing the § 3553(a) factors.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 535) is **denied.**

**IT IS SO ORDERED.**

Dated this 6th day of August, 2025, at Kansas City, Kansas.

                                              s/John W. Lungstrum
                                      HON. JOHN W. LUNGSTRUM
                                      United States District Judge