**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff,**

**v.** **Case No. 05-20017-01-JWL**

**Fidencio Verdin-Garcia,**

**Defendant.**

**MEMORANDUM & ORDER**

A jury convicted defendant Fidencio Verdin-Garcia of multiple drug crimes, including conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and marijuana and distribution of methamphetamine. At the time of defendant's sentencing, the Guidelines as applied to him provided for a base offense level of 38, an adjusted offense level of 44, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The court ultimately sentenced defendant to three terms of life imprisonment and eleven terms of four years imprisonment to run concurrently. Defendant appealed, and the Tenth Circuit affirmed his conviction and sentence. *United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008).

In July 2015, this court denied defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)—a motion that was based on Amendment 782. Following the enactment of Amendment 782, defendant's Guidelines range was reduced from life to 360 months to life imprisonment. The court recognized that a reduction was authorized but denied the motion in any event based on its conclusion that the court would sentence defendant at the high-end of the

amended range, resulting in a life sentence. The Tenth Circuit affirmed that decision in July 2016. *United States v. Verdin-Garcia*, 824 F.3d 1218 (10th Cir. 2016). Defendant has filed three previous motions for compassionate release that the court has denied on the merits or dismissed for failure to exhaust administrative remedies.

This matter is now before the court on defendant's fourth motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 543). In that motion, defendant also requests the appointment of counsel. As will be explained, the court denies the motion without prejudice to refiling, assuming he has exhausted his administrative remedies, on the limited issue of whether he is the only available caregiver for his mother.

The court begins with defendant's motion to the extent he seeks appointed counsel and denies that aspect of the motion. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). This lack of a right to counsel includes assistance in a motion for compassionate release. *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021). Defendant's pro se motion reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion for a sentence reduction are straightforward. The court is confident that the appointment of counsel would have no bearing on the outcome of the motion.

The court turns, then, to that portion of defendant's motion in which he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980

F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id.*

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B1.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law

produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Here, defendant requests relief under three categories. First, he contends that his medical circumstances justify compassionate release. Specifically, he asserts, pursuant to U.S.S.G § 1B1.13(b)(1)(D), that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease and, due to his personal health risk factors and custodial status, he is at increased risk of suffering severe medical complications or death as a result of the outbreak and that the risk cannot be adequately mitigated in a timely manner. Second, he contends that his mother is incapacitated and he is the only available caretaker for her. *See* U.S.S.G. § 1B1.13(b)(3)(C). Finally, defendant requests relief under the provision concerning an unusually long sentence where there has been a change in law that produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. U.S.S.G. § 1B1.13(b)(6). Defendant also underscores his rehabilitative efforts in connection with these arguments.

As noted earlier, section 3582(c)(1)(A) requires exhaustion before a court may consider a motion for compassionate release. *Hemmelgarn*, 15 F.4th at 1030 (18 U.S.C. § 3582(c)(1)(A)). The government asserts that defendant has failed to demonstrate that he has exhausted his administrative remedies by submitting evidence that he first sought relief with the warden at his facility. The government, then, argues that defendant's motion should be denied as he has failed to demonstrate proof of exhaustion. The court agrees. Defendant has submitted his motion on a standardized form. On that form, defendant checked the box indicating that he had submitted a

request for compassionate release to the warden on August 2, 2026 and he checked the box indicating that the warden denied his request on September 2, 2026. The form states that copies of any written correspondence to and from the BOP relating to the motion "including your written request to the warden and records of any denial from the BOP" should be included with the motion. Defendant has not included any written correspondence or other evidence supporting exhaustion. Without such evidence, the court is left without any means to determine which claims have been exhausted. *See United States v. Fillman*, No. 06-10218-JWB, 2025 WL 1918570, at *3 (D. Kan. July 11, 2025) (holding under *Hemmelgarn* that a defendant had failed to establish proof that he exhausted his administrative remedies under § 3582(c)(1)(A) by not attaching a copy of the letter to the warden).

In his reply brief, defendant asks for leave to supplement his motion to include proof of his August 2, 2026 request to the warden. At this juncture, the court declines to provide defendant with that opportunity because even assuming defendant submitted proof of exhaustion, the court would deny relief. The court begins with defendant's argument he is housed at a correctional facility affected by an ongoing outbreak of infectious disease and, due his personal health risk factors and custodial status, he is at increased risk of suffering severe medical complications or death as a result of the outbreak and that the risk cannot be adequately mitigated in a timely manner. In his motion, defendant asserts that his facility has contaminated food and water; that it is overcrowded; and that his obesity places him at risk of contracting COVID-19. He has no evidence to support these claims. Moreover, defendant does not mention this argument in his detailed reply brief, nor does he contend that this argument was included in his request to the

warden for purposes of exhaustion. Because defendant has come forward with no evidence that his medical circumstances warrant a sentence reduction, the court denies this aspect of the motion.

With respect to his argument that he is the only available caregiver for his mother, defendant simply has not provided any evidence to support the argument. In conclusory fashion, defendant states that his mother has diabetes, that she cannot walk, and that he is the only available caregiver. As the government notes, defendant's presentence report indicates that defendant is the youngest of five children. He offers no explanation as to the circumstances of his siblings and the ability or inability of those siblings or other family members to care for his mother. Moreover, his proposed release plan indicates that his 60-year-old sister presently lives with his mother and that he intends to pursue employment in landscaping. This assertion undermines his suggestion that he is the only available caregiver for his mother. In his reply, defendant asks for permission to supplement the record with additional evidence and he urges that this claim was included in his request to the warden. In light of these representations, the court will deny this aspect of defendant's motion without prejudice to refiling when and if he is able to obtain the evidence he needs to support this claim.

The court turns, then, to defendant's argument that he is entitled to relief under the provision concerning an unusually long sentence where there has been a change in law that produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. He identifies no change in the law that produces the gross disparity required. In any event, the court has previously rejected this argument and, for those same reasons and the in the absence of any new arguments from defendant on this issue, again concludes that a life sentence is not an unusually long sentence given the circumstances

underlying defendant's convictions. *See United States v. Verdin-Garcia*, No. 05-20017-01-JWL, 2025 WL 2240856, at *2 (D. Kan. Aug. 6, 2025).

This leaves only defendant's argument that his rehabilitation while incarcerated warrants a sentence reduction. But rehabilitation alone is not an extraordinary and compelling reason for relief. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction under § 3583(c)(1)(A)]."); *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). Thus, on this record, the court rejects defendant's arguments that extraordinary and compelling reasons justify his release from custody. Defendant's motion for a sentence reduction is denied without prejudice to refiling on the issue of whether he is the only available caretaker for his mother.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 543) is **denied without prejudice to refiling on the limited issue of whether he is the only available caregiver for his mother.**

**IT IS SO ORDERED.**

Dated this 29th day of October, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge